## Boback v. Western Saving Fund Society of Philadelphia

George A. Priestley, for plaintiff.

William G. Frey and J. Stokes Adams, III, for defendants.

CAESAR, J., August 22, 1980—Presently before the court is a motion for summary judgment filed by defendant, Provident Mutual Life Insurance Company of Philadephia (Provident). Since there is no genuine issue as to any material fact, the court concludes that the moving party is entitled to judgment as a matter of law, in accordance with Pa.R.C.P. 1035.

The pleadings and answers to interrogatories establish that plaintiff commenced employment with defendant Western Savings Fund Society of Philadelphia (Western) on March 15, 1976. Plaintiff was absent from work, on a Workmen's Compensation claim, during the period from September 13, 1976 to January 3, 1977. On March 5, 1977, while still employed by Western, plaintiff became

disabled and was unable to continue working. Plaintiff has had no employment subsequent to March 5, 1977.

During the term of plaintiff's employment, a Group Long-Term Disability insurance policy, No. GK 779-1, issued by Provident, covered certain Western employes. "Article III—Eligibility" of said policy, in part, provides:

"Each person who, after December 2, 1968, completes one year's continuous service as an active, full-time employee of the policyholder, shall be eligible for insurance hereunder on the day following the completion of said year's service."

"Active, full-time employee" is defined in "Article II—Long-Term Disability Definition" as:

"An employee of the policyholder who is working regularly throughout the entire duration of the policyholder's work week and, in any event, not less than thirty hours per week, at any of the policyholder's business establishments or at some other location to which the policyholder's business requires the employee to travel, and whose principal source of earned income is his wages, earnings or salary received from the policyholder."

Plaintiff claims that he is entitled to benefits under the policy. Provident has refused the payment of benefits on the basis that plaintiff is not eligible under Article III of the policy.

Plaintiff argues that he completed "one year's continuous service as an active, full-time employee" of Western. He particularly notes a letter to him from James C. Mathers, Assistant Vice-President of Western, dated March 21, 1977, which states that plaintiff would receive full pay through March 28, 1977. However, the mere fact that an employe is

paid for a period of time does not mean that he is an "active, full-time employee." The March 21 letter explicitly states that plaintiff's last day of "active work" was March 4, 1977, and that the reason he continued at full pay for several more weeks was that credit was due to him for vacation, holiday and sick days.

The phrase "active, full-time employee" is composed of ordinary words having a commonly accepted meaning. See Clark v. Washington National Ins. Co., 6 D. & C. 3d 178 (1978). Under the policy definition, the circumstances of this case and the commonly accepted meaning, "active, full-time employment" does not include the period of time plaintiff was admittedly disabled and unable to work (after March 5, 1977). See Demito v. Life Ins. Co. of North America, 11 D. & C. 3d 465 (1979). Therefore, plaintiff's "active, full-time employment" for Western commenced March 15, 1976 and ended on March 5, 1977.* Plaintiff, therefore, did not complete "one year's continuous service as an active, full-time employee" of Western and is not eligible for the benefits claimed.

Accordingly, the court issues the following

## ORDER

And now, August 22, 1980, after careful study and consideration of the motion for summary judgment filed by defendant, Provident Mutual

---

*Although an argument can be made that an absence due to injury on the job and compensated by workmen's compensation may be considered "active" employment, inclusion of that period of time (September 13, 1976 to January 3, 1977) still would not give plaintiff the requisite one year of "active, full-time employment."

Life Insurance Company of Philadelphia, it is hereby ordered and decreed that said motion is granted.